**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

**SAMUEL & STEIN**
David Stein (DS 2119)
38 West 32nd Street
Suite 1110
New York, New York 10001
(212) 563-9884
dstein@samuelandstein.com

Attorneys for Plaintiffs, Individually
and on behalf of all others similarly
situated

| | |
|---|---|
| Freddy Chuchuca, Luis Dario Guartan, Adrian Guzman, and Herlindo Soriano de la Rosa, on behalf of themselves and all other persons similarly situated, <br><br> Plaintiffs, <br><br> - vs. – <br><br> Fitzcon Construction G.C. Inc., Fitzcon Construction/Ren Corp., Esco Hirf Co. Inc., Ronan Fitzpatrick, Cornelius O'Sullivan, and John Does #1-10, <br><br> Defendants. | DOCKET NO. 20-CV-2178 <br><br> **COMPLAINT** |

Plaintiffs Freddy Chuchuca, Luis Dario Guartan, Adrian
Guzman, and Herlindo Soriano de la Rosa, by and through
their undersigned attorneys, for their complaint against
Fitzcon Construction G.C. Inc., Fitzcon Construction/Ren
Corp., Esco Hirf Co. Inc., Ronan Fitzpatrick, Cornelius
O'Sullivan, and John Does #1-10, allege as follows, on

behalf of themselves and on behalf of all other persons similarly situated:

## NATURE OF THE ACTION

1.   Plaintiffs all allege on behalf of themselves and on behalf of other similarly situated current and former employees of defendants Fitzcon Construction G.C. Inc., Fitzcon Construction/Ren Corp., Esco Hirf Co. Inc., Ronan Fitzpatrick, Cornelius O'Sullivan, and John Does #1-10, who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), that they are entitled to: (i) unpaid wages from defendants for overtime work for which they did not receive overtime premium pay as required by law; and (ii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., because defendants' violations lacked a good faith basis.

2.   Plaintiffs further complain on behalf of themselves and on behalf of a class of other similarly situated current and former employees of defendants, pursuant to Fed. R. Civ. P. 23, that they are entitled to (i) back wages for overtime work for which defendants willfully failed to pay overtime premium pay as required by the New York Labor Law §§ 650 et seq. and the supporting New York State Department of Labor regulations; (ii) liquidated damages pursuant to New York Labor Law for these

violations; and (iii) compensation for defendants' violations of the Wage Theft Prevention Act.

## THE PARTIES

3.  Plaintiff Freddy Chuchuca is an adult individual residing in Ossining, New York.

4.  The other plaintiffs are each adult individuals residing in Brooklyn or the Bronx, New York.

5.  Plaintiffs consent in writing to be parties to this action pursuant to 29 U.S.C. § 216(b); their written consents are attached hereto and incorporated by reference.

6.  Upon information and belief, defendant Fitzcon Construction G.C. Inc. is a New York corporation with a business address of 110 West 40th Street, Suite 503, New York, New York.

7.  Upon information and belief, defendant Fitzcon Construction/Ren Corp. is a New York corporation with a business address of 110 West 40th Street, Suite 503, New York, New York.

8.  Upon information and belief, defendant Esco Hirf Co., Inc. is a New York corporation with a business address of 84-52 Grand Avenue, Elmhurst, New York.

9.  At relevant times, defendants Fitzcon Construction G.C. Inc, Fitzcon Construction/Ren Corp., and Esco Hirf (collectively, "the Construction Companies") have

been, and continue to be, employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 207(a).

10. Upon information and belief, at relevant times, the Construction Companies, individually and collectively, have had gross annual revenues in excess of $500,000.00.

11. Upon information and belief, at all relevant times herein, the Construction Companies have used goods and materials produced in interstate commerce, and have employed at least two individuals who handled such goods and materials.

12. Upon information and belief, at all relevant times, the Construction Companies shared common ownership and management, common offices and personnel, and operated for a common business purpose. For example, the Fitzcon defendants share the same office and phone number and use the same equipment, while Esco Hirf pays employees who work for the Fitzcon defendants.

13. Upon information and belief, at all relevant times, the Construction Companies have constituted a single "enterprise" as defined in the FLSA.

14. Upon information and belief, the Construction Companies were alter egos of each other.

15. Upon information and belief, defendant Ronan Fitzpatrick is an owner or part owner and principal of the Construction Companies, who has the power to hire and fire employees, set wages and schedules, and maintain their records.

16. Defendant Ronan Fitzpatrick was involved in the day-to-day operations of the Construction Companies and played an active role in managing the business.

17. Upon information and belief, defendant Cornelius O'Sullivan — who went by the nickname Connie — is an owner or part owner and principal of the Construction Companies, who has the power to hire and fire employees, set wages and schedules, and maintain their records.

18. Defendant Cornelius O'Sullivan was involved in the day-to-day operations of the Construction Companies and played an active role in managing the business.

19. For example, defendant Ronan Fitzpatrick supervised plaintiffs at job sites, while defendant Cornelius O'Sullivan hired some plaintiffs and set their pay, as well as distributed pay to them.

20. Upon information and belief, defendants John Does #1-10 represent the other owners, officers, directors, members, and/or managing agents of the Construction Companies, whose identities are unknown at this time, who

participated in the day-to-day operations of Defendants, who have the power to hire and fire employees, set wages and schedules, and retain their records, and who constitute "employers" pursuant to the FLSA, New York Labor Law, and federal and state implementing regulations.

21. Defendants all constituted "employers" of Plaintiffs as that term is used in the Fair Labor Standards Act and New York Labor Law.

## JURISDICTION AND VENUE

22. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over plaintiffs' state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

23. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because defendants' businesses are located in this district and the underlying causes of action arose in this district.

## COLLECTIVE ACTION AND CLASS ACTION ALLEGATIONS

24. Pursuant to 29 U.S.C. § 207, plaintiffs seek to prosecute their FLSA claims as a collective action on behalf of themselves and a collective defined as follows:

> All persons who are or were employed by defendants in the United States as construction workers at any time since January 23, 2017, to the entry of judgment in this case (the "Collective Action Period"), and who were not paid overtime compensation at rates at least one-and-one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

25. Pursuant to Fed. R. Civ. P. 23(a), (b)(2), and (b)(3), plaintiffs seek to prosecute their New York Labor Law claims on behalf of themselves and a class defined as follows:

> All persons who are or were employed by defendants in New York as construction workers at any time since January 23, 2014, to the entry of judgment in this case (the "Class Period"), and who were not properly paid overtime compensation, and/or who were not provided with appropriate wage notices or weekly wage statements (the "Class Members").

26. Prosecution of this matter as a class is necessary because the persons in the putative Class identified above are so numerous that joinder of all members is impracticable.

27. Although the precise number of such persons is unknown, their identities are readily ascertainable from records within the sole control of defendants, and upon information and belief there are more than 40 members of the putative class during the Class Period, most of whom would not be likely to file individual suits because they

lack adequate financial resources, access to attorneys, or knowledge of their claims.

28.   Plaintiffs will fairly and adequately protect the interests of both the putative Class Members and the Collective Action Members and have retained counsel who are experienced and competent in the fields of employment law and class action litigation.

29.   Plaintiffs' claims are typical of the claims of the putative Class and Collective Action Members, and they have no interests that are contrary to, or in conflict with, those of the putative members of this class action or collective action.

30.   Furthermore, inasmuch as the damages suffered by individual putative Class Members and Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the putative class and collective actions to individually seek redress for the wrongs done to them.

31.   Questions of law and fact common to the members of the putative class and collective actions predominate over questions that may affect only individual members because defendants have acted on grounds generally applicable to all members.

32.   Among the common questions of law and fact under the FLSA and New York wage and hour laws common to plaintiffs and other putative Class/Collective Action Members, and that will generate common answers, are the following:

a.   Whether defendants failed and/or refused to pay the plaintiffs and the Collective Action Members premium pay for hours worked in excess of forty per workweek, in violation of the FLSA and the regulations promulgated thereunder;

b.   Whether defendants failed and/or refused to pay the plaintiffs and the putative Class Members premium pay for hours worked in excess of forty per workweek, in violation of New York wage and hour laws and the regulations promulgated thereunder;

c.   Whether defendants failed and/or refused to provide the plaintiffs and the putative Class Members with the wage notices and the weekly pay statements required by New York Labor Law §§ 195.1, 195.3, and the Wage Theft Prevention Act;

d.   Whether defendants' violations of the FLSA were willful, or not made in good faith, as those

terms are used within the context of the FLSA; and

e. Whether defendants' violations of New York Labor Law were willful, or not made in good faith, as those terms are used within the context of New York Labor Law.

33. Plaintiffs know of no difficulty that will be encountered in the management of this litigation that will preclude its maintenance as a collective action or class action.

34. The Collective Action Members are similarly situated to Plaintiffs in that they were employed by the Construction Companies as non-exempt construction workers and laborers, and were denied premium overtime pay for hours worked beyond forty hours in a week.

35. They are further similarly situated in that the Construction Companies had a policy and practice of knowingly and willfully refusing to pay them overtime.

36. The plaintiffs and the Collective Action Members and Class Members perform or performed the same or similar primary duties, and were subjected to the same policies and practices by the Construction Companies.

37.  The exact number of such individuals is presently unknown, but is known by defendants and can be ascertained through appropriate discovery.

## FACTS

38.  At all relevant times herein, defendants owned and operated construction companies with offices in Manhattan that were engaged in numerous construction projects in New York City.

39.  Plaintiffs were each hired by a Fitzcon supervisor to work on construction sites in Manhattan and Brooklyn, including, *inter alia*, 108 Leonard Street, 287 East Houston Street, and 363 Lafayette Street.

40.  Plaintiffs were given Fitzcon t-shirts, and worked with Fitzcon equipment.

41.  Plaintiffs were employed in various construction positions as follows:

   a.  Mr. Chuchuca was employed as a working foreman for rebar employees from approximately February 2016 through September 2018.

   b.  Mr. Guartan was employed as a carpenter, welder and concrete worker from roughly March 2015 through December 2017.

   c.  Mr. Guzman has been employed as a carpenter since March 2017.

d.  Mr. Soriano de la Rosa was employed as a laborer from March 2017 through December 2019.

42.  Plaintiffs' work was performed in the normal course of defendants' business and was integrated into the business of defendants, and did not involve executive or administrative responsibilities.

43.  In particular, although plaintiff Chuchuca was a foreman who had some supervisory duties, he also labored on the construction site, and did not have authority to hire or fire or make any business decisions.

44.  At all relevant times herein, plaintiffs were employees engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

45.  Plaintiffs all worked at least 10 hours per day on weekdays, and generally worked Saturdays at least several times per month, as follows:

a.  Mr. Chuchuca worked ten hours per day two days per week, twelve hours per day three times per week, and also worked seven hours per day on Saturdays roughly twice a month.

b.  Mr. Guartan generally worked 11½ hours per day on weekdays, 8½ hours per day on Saturdays, and

also worked 8½ hours on Sundays about twice per month.

c. Mr. Guzman generally worked ten hours per day on weekdays and nine hours per day on Saturdays.

d. Mr. Soriano de la Rosa worked five ten-hour days per week.

46. As a result, plaintiffs all worked a minimum of 50 hours per week each week of their employment, and often worked more — as many as 63 hours per week for Mr. Chuchuca and 74 hours per week for Mr. Guartan.

47. Defendants did not provide time clocks for plaintiffs to track their time; at some but not all job sites there were sign in sheets for plaintiffs to use.

48. Plaintiffs were paid on an hourly basis during their employment with defendants, as follows:

a. Mr. Chuchuca was paid $38 per hour.

b. Mr. Guartan was originally paid $17 per hour; he got a raise to $21 per hour after about 6 months and a raise to $23 per hour shortly thereafter.

c. Mr. Guzman has been paid $25 per hour.

d. Mr. Soriano de la Rosa was originally paid $19 per hour; he received a raise to $21 per hour in about November 2018.

49.   Plaintiffs were paid at these regular rates of pay for all their hours worked, regardless of the number of hours they worked in a week.

50.   As a result, the Construction Companies failed to pay plaintiffs any overtime "bonus" for hours worked beyond 40 hours in a workweek, in violation of the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations.

51.   Defendants' failure to pay Plaintiffs the overtime bonus for overtime hours worked was willful, and lacked a good faith basis.

52.   For example, when plaintiff Guartan asked defendants about being paid overtime, he was told, "If you want to work, OK; if not, the door is over there."   And when plaintiff Guzman asked, he was told, "That's not the way we do it."

53.   Plaintiffs were paid weekly by check.   However, the checks were business checks rather than payroll checks. The checks were issued from the account of Esco Hirf, although plaintiffs would pick them up at the Fitzcon offices located at 110 West 40th Street.

54.   No explanation was ever provided to plaintiffs as to why the checks were issued by Esco Hirf, and plaintiffs

have no idea what that company is or how it is related to either of the Fitzcon entities.

55. Although plaintiffs were paid by check, because the checks were business checks rather than payroll checks, they were not accompanied by paystubs or wage statements that provided the information required by New York law, such as regular and overtime hours worked and regular and overtime pay.

56. Defendants' failure to provide plaintiffs with weekly records of their compensation and hours worked was a violation of the Wage Theft Prevention Act.

57. Defendants failed to provide plaintiffs with written notices in their native language of Spanish providing the information required by the Wage Theft Prevention Act – including, *inter alia*, defendants' contact information, plaintiffs' regular and overtime rates, and intended allowances claimed, in violation of the Wage Theft Prevention Act.

58. Upon information and belief, throughout the period of plaintiffs' employment, both before that time (throughout the Class and Collective Action Periods) and continuing until today, defendants have likewise employed other individuals like Plaintiffs (the Class and Collective Action Members) in positions at defendants' construction

companies that required little skill, no capital investment, and with duties and responsibilities that did not include any managerial responsibilities or the exercise of independent judgment.

59. Specifically, plaintiffs are aware that at least twenty to thirty other employees of the Construction Companies worked with them on construction projects at any one time.

60. Upon information and belief, these other individuals have also worked in excess of forty hours per week, yet the Construction Companies have likewise failed to pay them overtime compensation of one-and-one-half times their regular hourly rate, in violation of the FLSA and the New York Labor Law.

61. Upon information and belief, these other individuals were not provided with required wage notices or weekly wage statements as specified in New York Labor Law §§ 195.1, 195.3, and the Wage Theft Prevention Act.

62. Upon information and belief, while defendants employed plaintiffs and throughout all relevant time periods, defendants failed to maintain accurate and sufficient time records or provide accurate records to employees.

63.  Upon information and belief, while defendants employed plaintiffs and through all relevant time periods, defendants failed to post or keep posted accurate notices explaining the minimum wage and overtime pay rights provided by the FLSA or New York Labor Law.

## COUNT I

### (Fair Labor Standards Act - Overtime)

64.  Plaintiffs, on behalf of themselves and all Collective Action Members, repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

65.  At all relevant times, defendants employed plaintiffs and each of the Collective Action Members within the meaning of the FLSA.

66.  At all relevant times, defendants had a policy and practice of refusing to pay overtime compensation to their employees for hours they worked in excess of forty hours per workweek.

67.  As a result of defendants' willful failure to compensate their employees, including plaintiffs and the Collective Action Members, at a rate at least one-and-one-half times their regular rates of pay for work performed in excess of forty hours per workweek, defendants have

violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

68.  The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacks a good faith basis within the meaning of 29 U.S.C. § 260.

69.  Due to defendants' FLSA violations, plaintiffs and the Collective Action Members are entitled to recover from defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT II

### (New York Labor Law - Overtime)

70.  Plaintiffs, on behalf of themselves and the members of the Class, repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

71.  At all relevant times, plaintiffs and the members of the Class were employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

72.  Defendants willfully violated the rights of plaintiffs and the members of the Class by failing to pay them overtime compensation at rates at least one-and-one-

half times their regular rates of pay for each hour worked in excess of forty hours per workweek in violation of the New York Labor Law §§ 650 et seq. and its supporting regulations in 12 N.Y.C.R.R § 142.

73. Defendants' failure to pay overtime was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

74. Due to defendants' New York Labor Law violations, plaintiffs and the members of the Class are entitled to recover from defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

<u>**COUNT III**</u>

<u>**(New York Labor Law – Wage Theft Prevention Act)**</u>

75. Plaintiffs, on behalf of themselves and the members of the Class, repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

76. At all relevant times, plaintiffs and the members of the Class were employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

77. Defendants willfully violated the rights of plaintiffs and the members of the Class by failing to

provide them with the wage notices required by the Wage Theft Prevention Act when they were hired, or at any time thereafter.

78. Defendants willfully violated the rights of plaintiffs and the members of the Class by failing to provide them with weekly wage statements required by the Wage Theft Prevention Act at any time during their employment.

79. Due to defendants' New York Labor Law violations relating to the failure to provide wage statements, plaintiffs and the members of the Class are entitled to recover from the defendants statutory damages of $250 per day during their employment, up to the maximum statutory damages.

80. Due to defendants' New York Labor Law violations relating to the failure to provide wage notices, plaintiffs and the members of the Class are entitled to recover from the defendants statutory damages of $50 per day throughout their employment, up to the maximum statutory damages.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs, on behalf of themselves and the members of the collective and class actions, respectfully request that this Court grant the following relief:

a. Certification of this action as a class action pursuant to Fed.R.Civ.P. 23(b)(2) and (3) on behalf of members of the Class and appointing plaintiffs and their counsel to represent the Class;

b. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and appointing plaintiffs and their counsel to represent the Collective Action members;

c. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

d. An injunction against defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from

engaging in each of the unlawful practices, policies, and patterns set forth herein;

e. A compensatory award of unpaid compensation, at the statutory overtime rate, due under the FLSA and the New York Labor Law;

f. An award of liquidated damages as a result of defendants' willful failure to pay statutory overtime compensation pursuant to 29 U.S.C. § 216;

g. Liquidated damages for defendants' New York Labor Law violations;

h. Statutory damages for defendants' violation of the New York Wage Theft Prevention Act;

i. Back pay;

j. Punitive damages;

k. An award of prejudgment and postjudgment interest;

l. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

m. Such other, further, and different relief as this Court deems just and proper.

Dated:   January 21, 2020

_____
David Stein
SAMUEL & STEIN
38 West 32nd Street
Suite 1110
New York, New York 10001
(212) 563-9884

Attorneys for Plaintiffs,
*Individually and on behalf of
others similarly situated*

# EXHIBIT A

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Fitzcon Construction/Ren Corp., and its owners and affiliates to pay me, inter alia, minimum wage and overtime wages as required under state and/or federal law and also authorize the filing of this consent in the lawsuit challenging such conduct, and consent to being named as a representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning all aspects of this lawsuit.  I have been provided with a copy of a retainer agreement with the law firm of Samuel & Stein, and I agree to be bound by its terms.

Con mi firma abajo, autorizo la presentación y tramitación de reclamaciones en mi nombre y de mi parte para impugnar el fallo de Fitzcon Construction/Ren Corp y sus propietarios y afiliados a me pagan, entre otras cosas, el salario mínimo y pago de horas extras, requerida en el estado y / o la ley federal y también autorizan la presentación de este consentimiento en la demanda contra ese tipo de conducta, y el consentimiento para ser nombrado como demandante representante en esta acción para tomar decisiones en nombre de todos los demás demandantes en relación con todos aspectos de esta demanda. Se me ha proporcionado una copia de un acuerdo de retención con la firma de abogados de Samuel y Stein, y estoy de acuerdo en estar obligado por sus términos.


_____
Freddy Chuchuca


Date:  December 2, 2019

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Fitzcon Construction/Ren Corp. and/or Fitzcon Construction G.C. Inc, and its owners and affiliates to pay me, inter alia, minimum wage and overtime wages as required under state and/or federal law and also authorize the filing of this consent in the lawsuit challenging such conduct, and consent to being named as a representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning all aspects of this lawsuit.  I have been provided with a copy of a retainer agreement with the law firm of Samuel & Stein, and I agree to be bound by its terms.

Con mi firma abajo, autorizo la presentación y tramitación de reclamaciones en mi nombre y de mi parte para impugnar el fallo de Fitzcon Construction/Ren Corp. y/o Fitzcon Construction G.C. Inc y sus propietarios y afiliados a me pagan, entre otras cosas, el salario mínimo y pago de horas extras, requerida en el estado y / o la ley federal y también autorizan la presentación de este consentimiento en la demanda contra ese tipo de conducta, y el consentimiento para ser nombrado como demandante representante en esta acción para tomar decisiones en nombre de todos los demás demandantes en relación con todos aspectos de esta demanda. Se me ha proporcionado una copia de un acuerdo de retención con la firma de abogados de Samuel y Stein, y estoy de acuerdo en estar obligado por sus términos.


_____
Luis Dario Guartan


Date:  December 10, 2019

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Fitzcon Construction/Ren Corp. and/or Fitzcon Construction G.C. Inc, and its owners and affiliates to pay me, inter alia, minimum wage and overtime wages as required under state and/or federal law and also authorize the filing of this consent in the lawsuit challenging such conduct, and consent to being named as a representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning all aspects of this lawsuit.  I have been provided with a copy of a retainer agreement with the law firm of Samuel & Stein, and I agree to be bound by its terms.

Con mi firma abajo, autorizo la presentación y tramitación de reclamaciones en mi nombre y de mi parte para impugnar el fallo de Fitzcon Construction/Ren Corp. y/o Fitzcon Construction G.C. Inc y sus propietarios y afiliados a me pagan, entre otras cosas, el salario mínimo y pago de horas extras, requerida en el estado y / o la ley federal y también autorizan la presentación de este consentimiento en la demanda contra ese tipo de conducta, y el consentimiento para ser nombrado como demandante representante en esta acción para tomar decisiones en nombre de todos los demás demandantes en relación con todos aspectos de esta demanda. Se me ha proporcionado una copia de un acuerdo de retención con la firma de abogados de Samuel y Stein, y estoy de acuerdo en estar obligado por sus términos.


Adrian Guzman
_____
Adrian Guzman


Date:  December 11, 2019

### CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Fitzcon Construction/Ren Corp. and/or Fitzcon Construction G.C. Inc, and its owners and affiliates to pay me, inter alia, minimum wage and overtime wages as required under state and/or federal law and also authorize the filing of this consent in the lawsuit challenging such conduct, and consent to being named as a representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning all aspects of this lawsuit. I have been provided with a copy of a retainer agreement with the law firm of Samuel & Stein, and I agree to be bound by its terms.

Con mi firma abajo, autorizo la presentación y tramitación de reclamaciones en mi nombre y de mi parte para impugnar el fallo de Fitzcon Construction/Ren Corp. y/o Fitzcon Construction G.C. Inc y sus propietarios y afiliados a me pagan, entre otras cosas, el salario mínimo y pago de horas extras, requerida en el estado y / o la ley federal y también autorizan la presentación de este consentimiento en la demanda contra ese tipo de conducta, y el consentimiento para ser nombrado como demandante representante en esta acción para tomar decisiones en nombre de todos los demás demandantes en relación con todos aspectos de esta demanda. Se me ha proporcionado una copia de un acuerdo de retención con la firma de abogados de Samuel y Stein, y estoy de acuerdo en estar obligado por sus términos.


_____
Herlindo Soriano de la Rosa


Date:  December 24, 2019