UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FREDDY CHUCHUCA, LUIS DARIO GUARTAN, ADRIAN GUZMAN AND HERLINDO SORIANO DE LA ROSA, ON BEHALF OF THEMSELVES AND ALL OTHER PERSONS SIMILARLY SITUATED,<br><br>     Plaintiffs,<br><br>  v.<br><br>FITZCON CONSTRUCTION G.C. INC., FITZCON CONSTRUCTION/REN CORP., ESCO HIRF CO. INC., PUB CONSTRUCTION/REN INC. D/B/A PUB CONSTRUCTION, RONAN FITZPATRICK, CORNELIUS O'SULLIVAN, AND JOHN DOES #1-10,<br><br>     Defendants. | Index No. 20-cv-2178 (RA) (JLC) |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE FITZCON PARTIES' MOTION FOR PARTIAL SUMMARY JUDGMENT**

              **COLE SCHOTZ P.C.**
              Brian L. Gardner
              Jason R. Finkelstein
              *Attorneys for Defendants Fitzcon*
              *Construction/Ren Corp., Ronan*
              *Fitzpatrick and Cornelius O'Sullivan*
              1325 Avenue of the Americas
              Suite 1900
              New York, New York 10019
              (212) 752-8000

i

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................... 1

LEGAL ARGUMENT ................................................................................................................... 2

    I.      PLAINTIFFS' OPPOSITION FAILS TO RAISE ANY GENUINELY DISPUTED ISSUES OF MATERIAL FACT THAT SHOULD PREVENT SUMMARY JUDGMENT FROM BEING GRANTED IN FAVOR OF THE INDIVIDUALS. ....................................................................... 2

           A.      Application of the "Economic Realities" Test to the Undisputed Facts of This Case Warrants a Complete Dismissal of All Claims Asserted Against Mr. Fitzpatrick and Mr. O'Sullivan. ............................... 3

           B.      Plaintiffs' Allegations Concerning Liam O'Sullivan Do Not Rescue Their Claims From Dismissal .......................................................... 6

CONCLUSION ............................................................................................................................... 7

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242 (1986) ............................................................................................................. 2, 3

*Barfield v. New York City Health & Hospitals Corp.*,
   537 F.3d 132 (2d Cir. 2008) ..................................................................................................... 4

*Carter v. Dutchess Cmty. Coll.*,
   735 F.2d 8 (2d Cir. 1984) ......................................................................................................... 4

*Herman v. RSR Sec. Servs. Ltd.*,
   172 F.3d 132 (2d Cir. 1999) ..................................................................................................... 6

*Irizarry v. Catsimatidis*,
   722 F.3d 99 (2d Cir. 2013) ................................................................................................... 4, 5

*Karpova v. Snow*,
   402 F. Supp. 2d 459 (S.D.N.Y. 2005) ...................................................................................... 3

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
   475 U.S. 574 (1986) ................................................................................................................. 3

*Michael Grecco Prods., Inc. v. Valuewalk, LLC*,
   345 F. Supp. 3d 482 (S.D.N.Y. 2018) ...................................................................................... 3

*Murphy v. Lajaunie*,
   2016 WL 1192689 (S.D.N.Y. Mar. 22, 2016) ......................................................................... 3

*Park v. Sancia Healthcare Inc.*,
   2020 WL 3440096 (S.D.N.Y. June 23, 2020) ......................................................................... 4

*Scotto v. Almenas*,
   143 F.3d 105 (2d Cir. 1998) ..................................................................................................... 3

60982/0001-43144756v1

Defendants Fitzcon Construction/Ren Corp. ("Fitzcon"), Ronan Fitzpatrick and Cornelius O'Sullivan (collectively, the "Fitzcon Parties"), respectfully submit this Reply Memorandum of Law in further support of the Fitzcon Parties' motion for partial summary judgment and a dismissal of all claims asserted against Mr. Fitzpatrick and Mr. O'Sullivan individually in the First Amended Complaint filed in this action by the Plaintiffs (collectively, "Plaintiffs") (the "Motion").[1]

## **PRELIMINARY STATEMENT**

In response to the indisputable evidence presented in support of the Fitzcon Parties' partial summary judgment motion, which included sworn affidavits from both Mr. Fitzpatrick and Mr. O'Sullivan, Plaintiffs do nothing more than point to narrow, incomplete and intentionally misconstrued citations to the depositions taken in this case in the hopes that this Court will find *some* disputed fact that will save Plaintiffs' claims against the Individuals from summary judgment. However, the standard on summary judgment does contemplate *any* disputes over *any* facts. Such disputed issues must instead be genuine and, more critically, germane to the outcome of the overall case. When viewed from that lens, as this Court respectfully must under the controlling caselaw, it is clear that summary judgment should be granted here.

While Mr. Fitzpatrick and Mr. O'Sullivan are both owners of Fitzcon, that does not mean that they satisfy the "economic realities" test employed throughout the Second Circuit that would potentially render them Plaintiffs' "employers" individually (to the extent Plaintiffs were ever employed by Fitzcon in the first place, which is a point that the Fitzcon Parties continue to vigorously deny). Indeed, the motion record before this Court overwhelmingly confirms that neither of the Individuals exercised any oversight or control over Fitzcon's employment matters,

---

[1] All capitalized terms shall have the same meaning ascribed to them in the Fitzcon Parties' moving papers unless otherwise defined herein.

and Plaintiffs fail to present a scintilla of objective evidence raising a genuinely disputed issue of material fact to the contrary. At most, Plaintiffs raise the notion that Liam O'Sullivan – *a non-party to this litigation* – exercised such control over Plaintiffs' employment by allegedly exercising authority to hire and fire them, addressing payment disputes, and overseeing work conditions as a super. Yet, even if those alleged facts could be substantiated, Plaintiffs offer no support for the proposition that the purported conduct of Liam O'Sullivan somehow results in Ronan Fitzpatrick and Cornelius O'Sullivan – the named individual defendants – being deemed Plaintiffs' individual employers. Obviously, and without more, it does not.

In the absence of any genuinely disputed issues of *material* fact presented in Plaintiffs' opposition, and for the reasons addressed both in the Fitzcon Parties' moving papers and again herein, it is respectfully submitted that this Court can, and should, determine that Mr. Fitzpatrick and Mr. O'Sullivan are not liable as Plaintiffs' employers as a matter of law and in advance of trial. The Fitzcon Parties therefore respectfully reiterate their request that the Court grant the Motion in its entirety by dismissing all claims asserted against the Individuals, with prejudice, and reserving only Plaintiffs' claims against the corporate defendants for adjudication at trial.

## LEGAL ARGUMENT

### I. PLAINTIFFS' OPPOSITION FAILS TO RAISE ANY GENUINELY DISPUTED ISSUES OF MATERIAL FACT THAT SHOULD PREVENT SUMMARY JUDGMENT FROM BEING GRANTED IN FAVOR OF THE INDIVIDUALS.

As addressed at length in the Fitzcon Parties' moving papers, it is well-settled that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "The mere existence

2

of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." *Michael Grecco Prods., Inc. v. Valuewalk, LLC*, 345 F. Supp. 3d 482, 497 (S.D.N.Y. 2018) (quoting *Anderson*, 477 U.S. at 252). As such, a nonmoving party, in order to avoid summary judgment, "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Further, "the party opposing summary judgment 'may not rely on conclusory allegations or unsubstantiated speculation.'" *Karpova v. Snow*, 402 F. Supp. 2d 459, 465 (S.D.N.Y. 2005) (quoting *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998)).

Here, Plaintiffs clearly fail to raise any genuinely disputed issues of *material* fact in opposition to the Motion. As noted, pointing to *any* fact allegedly in dispute does not overcome summary judgment, nor does it overcome the claimant's burden of establishing individual employer liability. *See Murphy v. Lajaunie*, 2016 WL 1192689, at *2, 7 (S.D.N.Y. Mar. 22, 2016) (annexed as Ex. B to the Finkelstein Decl. (Dkt. No. 81-2)). To the extent Plaintiffs raise any purported "dispute" as to any facts, the dispute must be genuine and strike at the overall merits of the case. When evaluating Plaintiffs' opposition from that perspective, and pitted against the indisputable facts presented by the Fitzcon Parties, it is clear that Mr. Fitzpatrick and Mr. O'Sullivan cannot, as a matter of law, be deemed Plaintiffs' "employer", and they therefore may not be personally liable for any damages Plaintiffs establish against Fitzcon at trial, if any.

### A. Application of the "Economic Realities" Test to the Undisputed Facts of This Case Warrants a Complete Dismissal of All Claims Asserted Against Mr. Fitzpatrick and Mr. O'Sullivan.

As addressed in greater detail in the Fitzcon Parties' moving papers, the "economic realities" or "formal control" test is uniformly employed by courts throughout the Second Circuit

3

for determining whether an individual person is an "employer" under the FLSA. The factors analyzed under that test include whether the alleged individual "(1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Irizarry v. Catsimatidis*, 722 F.3d 99, 104-05 (2d Cir. 2013) (quoting *Barfield v. New York City Health & Hospitals Corp.*, 537 F.3d 132, 142 (2d Cir. 2008); *Carter v. Dutchess Cmty. Coll.*, 735 F.2d 8, 12 (2d Cir. 1984)). This test essentially looks at whether an individual defendant "possess[es] control over a company's actual 'operations' in a manner that relates to a plaintiff's employment." *Id.* at 109. A plaintiff cannot merely allege that the individual generally exercised control over a company, but must instead establish that the purported "employer" actually "exercised operational control *over employment decisions specifically*." *Park v. Sancia Healthcare Inc.*, 2020 WL 3440096, at *4 (S.D.N.Y. June 23, 2020) (emphasis added) (annexed as Ex. A to the Finkelstein Decl. (Dkt. No. 81-1)).

In consideration of these factors, the Individuals' sworn and uncontroverted affidavits clearly establish that even if any of the Plaintiffs actually worked for Fitzcon (which remains disputed), Mr. Fitzpatrick and Mr. O'Sullivan did not exercise control over the nature or conditions of their alleged employment. With respect to Mr. Fitzpatrick, while Plaintiffs categorize him as an "absent businessman," the reality is that he was responsible for Fitzcon's business development efforts as opposed to overseeing Fitzcon's job sites or the work being performed by Fitzcon's laborers, over which he exercised no authority or control. (Fitzpatrick Aff., ¶ 6.) Separately, Mr. O'Sullivan served as more of a "field guy" by driving trucks, booms and machinery for Fitzcon, but again playing a minimal role with Fitzcon's actual office operations or dictating the terms of employment for Fitzcon's employees. (O'Sullivan Aff., ¶ 5.) With both of the Individuals, neither

4

of them exercised control over laborers' hiring, firing or scheduling, they did not set laborers' rates or methods of pay, they did not control Fitzcon's payroll, and they did not maintain or serve as custodians of Fitzcon's employment records.  (Fitzpatrick Aff., ¶ 5; O'Sullivan Aff., ¶ 4.)

In response to these indisputable facts, Plaintiffs vaguely suggest that the Individuals assumed other responsibilities at Fitzcon, such as hiring certain employees and "resolving" employee payment issues.  (Opp. Br. at 6.)  These contentions, however, do not permit a finding that the Individuals are "employers".  First, Plaintiffs' alleged facts are largely unsupported and are therefore improperly raised in response to a summary judgment motion to conceivably give rise to disputed issues of material fact.  But even if they were, neither those facts nor Plaintiffs' arguments directly address the "economic realities" factors set forth above.  Plaintiffs merely allege that (i) Mr. Fitzpatrick hired project managers (Counterstatement ¶ 15), which are far different from laborers, (ii) that Mr. O'Sullivan hired workers in limited "one or two" instances (Counterstatement ¶ 14), and (iii) that employees would at times supposedly raise payment issues to Mr. Fitzpatrick or Mr. O'Sullivan (Counterstatement ¶ 18), which does not mean that they were properly presented to them or that they were responsible for ultimately addressing them (which they were not).  Moreover, under the "economic realities" factors, these "facts" – *at best* – only barely touch upon a portion of the first factor concerning hiring.  By contrast, Plaintiffs do not point to a shred of objective evidence that remotely concerns any of the other "economic realities" factors, and specifically laborer termination (or *any* hiring of laborers by Mr. Fitzpatrick), controlling laborer work schedules, establishing laborer rates and methods of pay, or maintaining employment records.  *See Irizarry*, 722 F.3d at 104-05.  The totality of the circumstances under the "economic realities" test overwhelmingly tips in favor of the Individuals *not* being "employers".

5

Equally unavailing and misplaced is Plaintiffs' attempt to analogize the holding in the Second Circuit's decision in *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132 (2d Cir. 1999), to the facts of this case. (Opp. Br. at 4-5.) Plaintiffs highlight the fact that the alleged individual employer in *RSR* hired managerial staff who were ultimately in charge of the at-issue security guard employees. While the subject individual was found liable as an individual employer, unlike the Individuals here, the *RSR* Court found that he not only hired the noted managers, but also (i) supervised and controlled the security guards' work schedules and the conditions of their employment, (ii) was involved with payment issues as demonstrated by him ordering a stop to the company's illegal pay practices of treating the security guards as 1099 independent contractors, and (iii) frequently gave instructions regarding staffing and running the business. *RSR*, 172 F.3d at 140. These facts and findings are completely inapposite to those before this Court on the record of the pending Motion, and the specific holding in *RSR* is therefore immaterial.

Given the foregoing, it is clear that Plaintiffs woefully fail to carry their burden of establishing liability against either of the Individuals, let alone both of them. As such, the Motion should be granted in its entirety.

### B. Plaintiffs' Allegations Concerning Liam O'Sullivan Do Not Rescue Their Claims From Dismissal.

Clearly aware that they cannot satisfy the "economic realities" test as set forth above as applied to named defendants Mr. Fitzpatrick and Mr. O'Sullivan, Plaintiffs creatively attempt to establish potential liability against them by highlighting certain alleged conduct by non-party Liam O'Sullivan. While it is undisputed that Liam O'Sullivan is Cornelius O'Sullivan's nephew and that Cornelius O'Sullivan hired him as a super, those facts on their own cannot be used to indirectly manufacture personal liability in this litigation as to either of the Individuals, and especially not

6

Mr. Fitzpatrick, who is not even alleged to be related to, or participated in the hiring of, Liam O'Sullivan.

The Fitzcon Parties maintain that the alleged facts raised about Liam O'Sullivan in Plaintiffs' Rule 56.1 counterstatement are largely either immaterial and/or unsupported. Without wavering on that position, though, even if the Court accepts Plaintiffs' contentions that Liam O'Sullivan was involved in hiring employees (Counterstatement ¶ 10), set employee pay (Counterstatement ¶ 12), facilitated payments to employees (Counterstatement ¶¶ 13, 20), addressed employee payment issues (Counterstatement ¶ 19), and "arranged" for Fitzcon's employees to work (Counterstatement ¶ 24), those allegations, on their own, do not make either of the Individuals personally liable. It is no surprise that Plaintiffs cannot point to a single case supporting such an outlandish proposition, which exposes their transparent, improper attempt to use the alleged acts of a non-party to somehow manufacture personal liability against the named Individuals under the circumstances presented here. Respectfully, and while it is not directly argued in Plaintiffs' papers, the alleged actions of Liam O'Sullivan are nothing but a red herring about which the Court should give no credence or import as it concerns the merits of the Fitzcon Parties' Motion.

## CONCLUSION

For all the foregoing reasons, and those addressed in their moving papers, the Fitzcon Parties respectfully submit that Mr. Fitzpatrick and Mr. O'Sullivan should be awarded partial summary judgment and a complete dismissal of all claims asserted against them by the Plaintiffs in this litigation. Plaintiffs fail to raise any genuinely disputed issues of *material* fact that should give this Court any reason to doubt that neither of the Individuals were Plaintiffs' "employer". Accordingly, in the absence of any such genuinely disputed issues of material fact, partial

summary judgment should be granted in the Individuals' favor. For these reasons, the Motion should respectfully be granted in its entirety.

| | | |
|---|---|---|
| DATED: | New York, New York<br>June 8, 2022 | Respectfully submitted,<br><br>**COLE SCHOTZ P.C.**<br><br>By: */s/ Jason R. Finkelstein*<br>    Brian L. Gardner<br>    Jason R. Finkelstein<br>    *Attorneys for Defendants Fitzcon Construction/Ren Corp., Ronan Fitzpatrick and Cornelius O'Sullivan*<br>    1325 Avenue of the Americas<br>    Suite 1900<br>    New York, NY 10019<br>    (212) 752-8000 |