UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
FREDDY CHUCHUCA, *et al.*,

        Plaintiffs,

-v-

FITZCON CONSTRUCTION G.C.,
INC., *et al.*,

        Defendants.
-------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __08/16/2023__

**ORDER**

20-CV-2178 (RA) (JLC)

**JAMES L. COTT, United States Magistrate Judge.**

The Court has preliminarily reviewed the proposed settlement agreement submitted in this case (Dkt. No. 115), and has several concerns:

1. The release in paragraph 2(a) of the settlement agreement is described as "Release; Mutual" but it is not a mutual release; only plaintiffs are providing a release. It should either be mutual and defendants should provide a release, or it should not be described as a mutual release.

2. The stipulation of dismissal at Exhibit A of the settlement agreement is only executed by plaintiffs' counsel, not by defense counsel. A fully executed stipulation needs to be submitted to the Court.

3. Of greatest concern, plaintiffs' counsel point out in their letter accompanying the settlement agreement that they have only been able to reach 10 of the 12 plaintiffs to obtain their signatures on the settlement agreement, and report that two plaintiffs—Alfredo Varela and Byron

Espinoza—have not responded to repeated attempts to contact them. Nonetheless, counsel contend that this should not prevent court approval of the settlement agreement as to all plaintiffs because both Varela and Espinoza signed "Consent to Sue" forms when they joined the case, containing broad language authorizing the representative plaintiffs to "act[] as [their] agents to make decisions on [their] behalf concerning the litigation, the method and manner of conducting this litigation and all other matters pertaining to this lawsuit." Citing *Hood v. Uber Technologies, Inc.*, No. 16-CV-998, 2019 WL 93546, at *3 (M.D.N.C. Jan. 3, 2019), they argue that language should be sufficient to constitute approval of any settlement. As a preliminary matter, there are <u>three</u>, not two, missing signatures. In addition to plaintiffs Varela and Espinoza, the Court does not find a signature approving the settlement from plaintiff Ivan Bonilla. Thus, there are three plaintiffs that have not signed off on the settlement. Moreover, the Court is not convinced by the argument that signing a "consent to sue" form (at least with the language in the form provided in this case) gives the representative plaintiffs authority to act as agents for these three plaintiffs and settle their claims. *Hood*, respectfully, does not stand for that proposition. Indeed, in *Hood*, the opt-in notice sent to collective class members advised in two places that if they elected to join the lawsuit, they would be "bound by any settlement or judgment." *Id.* at 2. No such language was provided to plaintiffs Varela,

2

Espinoza, and Bonilla.[1] The Court is not aware of authority that construes the language provided in the Consent to Sue form in this case to enable the representative plaintiffs to settle on behalf of opt-in plaintiffs without the opt-in plaintiffs having the right to review and approve the terms of the settlement.

4. Accordingly, in the absence of case law (Second Circuit or otherwise) authorizing the representative plaintiffs to make settlement decisions for all plaintiffs (of which the Court is unaware), the Court is reluctant to approve a settlement that binds three absent plaintiffs to terms they have not had an opportunity to review. It is well settled that a collective action is not the equivalent of a class action. *See, e.g., Pettenato v. Beacon Health Options, Inc.*, 425 F. Supp. 3d 264, 279 (S.D.N.Y. 2019) ("[A]n FLSA collective action is more comparable to the mass tort action in *Bristol-Myers* than to a Rule 23 class action."); *see also Campbell v. City of Los*

---

[1] The complete language in the Consent to Sue form (Dkt. Nos. 21, 27 & 33) is as follows:

> By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Fitzcon Construction/Ren Corp. and/or Fitzcon Construction G.C. Inc and its owners and affiliates to pay me, inter alia, minimum wage and overtime wages as required under state and/or federal law and also authorize the filing of this consent in the lawsuit challenging such conduct. I consent to the representative plaintiffs in this matter acting as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation and all other matters pertaining to this lawsuit. I have been provided with a copy of a retainer agreement with the law firm of Samuel & Stein, and I agree to be bound by its terms.

*Angeles,* 903 F.3d 1090, 1105 (9th Cir. 2018) ("A collective action is more accurately described as a kind of mass action, in which aggrieved workers act as a collective of individual plaintiffs with individual cases."); *Prickett v. DeKalb County*, 349 F.3d 1294, 1297 (11th Cir. 2003) ("[B]y referring to them as 'party plaintiff[s]' Congress indicated that opt-in plaintiffs should have the same status in relation to the claims of the lawsuit as do the named plaintiffs."). Among other things, there is no guarantee that the "representative plaintiffs" (who are simply the first to sue) have claims that are typical of (or even consistent with) the claims of the opt-in plaintiffs. Nor do the representative plaintiffs have the same fiduciary duties as a Rule 23 class representative. Notably, this case is not even a collective action (much less a class action).

5. For these reasons, the parties are directed to supplement and correct their settlement papers as follows: they should (a) correct the release in paragraph 2 of the agreement; (b) submit a fully executed stipulation of dismissal; and (c) by **August 30, 2023**, re-submit a fully executed settlement agreement that includes signatures from plaintiffs Varela, Bonilla, and Espinoza, or alternatively provide a letter-brief offering additional legal support for why the Court can approve an agreement without the signatures of all the plaintiffs (or, alternatively, why the Court should not just approve the settlement agreement as to the nine plaintiffs who have signed off on the agreement and, if the other three

plaintiffs do not appear and sign the agreement by August 30, then the case should be dismissed as to them for failure to participate in the action).[2]

**SO ORDERED.**

Dated: August 16, 2023
      New York, New York

_____
JAMES L. COTT
United States Magistrate Judge

---

[2] To date, the parties have not filed a proper consent form (*see* Dkt. Nos. 117 & 118), and they should do so no later than August 30, 2023.