# EXHIBIT A

**SETTLEMENT AGREEMENT AND RELEASE**

This Settlement Agreement and Release (the "Settlement Agreement") is made this ____ day of June, 2023, between Freddy Chuchuca, Luis Dario Guartan, Adrian Guzman, Herlindo Soriano de la Rosa, Porfirio Rosas, Jorge Curillo, Juan Lituma, Boliva Bermejo, Alfredo Varela, Mario Lopez Vazquez, Ivan Bonilla, and Byron Espinoza (collectively, "Plaintiffs") and Fitzcon Construction/Ren Corp., Ronan Fitzpatrick, and Cornelius O'Sullivan (collectively, "Fitzcon Defendants"). (Collectively, Plaintiffs and the Fitzcon Defendants are referred to as the "Parties.")

**WHEREAS** Plaintiffs allege that they were employed by the Fitzcon Defendants as construction workers at varying times from February 2016 through September 2020; and

**WHEREAS** Plaintiffs Freddy Chuchuca, Luis Dario Guartan, Adrian Guzman, and Herlindo Soriano de la Rosa, through their counsel, Samuel & Stein, filed an action in the United States District Court, Southern District of New York ("the Court"), under Docket No. 20-cv-2178 (the "Action") alleging, *inter alia*, violations by the Fitzcon Defendants and other defendants of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq*., as well as violations under the New York Labor Law ("NYLL"), Article 6, §§ 190 *et seq*., and Article 19, §§ 650 *et seq*.;

**WHEREAS** at varying times in 2020, Porfirio Rosas, Jorge Curillo, Juan Lituma, Boliva Bermejo, Alfredo Varela, Mario Lopez Vazquez, Ivan Bonilla, and Byron Espinoza, by and through counsel, filed opt-in consent forms with the Court, requesting to be added as Plaintiffs in the Action;

**WHEREAS** on April 20, 2021, defendant Fitzcon Construction G.C. Inc. ("Fitzcon G.C."), was voluntarily dismissed from the Action by Plaintiffs pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii);

**WHEREAS** the Fitzcon Defendants deny all of the material allegations asserted by Plaintiffs in their Complaint and have denied and continue to deny that they have violated any law, rule or regulation or committed any wrong whatsoever against Plaintiffs, including whether they ever employed Plaintiffs;

**WHEREAS** the Parties have exchanged information related to the claims in this Action, such that they have adequate information to assess the appropriateness of this Settlement Agreement; and

**WHEREAS** the Parties reached a binding settlement as the result of a settlement conference before Magistrate Judge James L. Cott on April 4, 2023, and the Parties desire to memorialize this settlement in a writing and resolve and settle the Action in an amicable manner without the expense of further litigation; and

**NOW, THEREFORE,** with the intent to be legally bound hereby, and in consideration of the mutual covenants and promises herein contained and for other good and valuable consideration, the sufficiency and receipt of which the Parties acknowledge, the Parties

agree as follows, subject to Court approval pursuant to applicable provisions of federal, state and/or local law:

1. **Settlement Payment and Other Consideration**

a. In full and final settlement of the Action, and in consideration for the release contained in Paragraph 2 of this Settlement Agreement, the Fitzcon Defendants, jointly and severally, shall make a total payment of $135,000 (the "Settlement Sum"), in installments as set forth in paragraphs 1(b) – 1(i) below.

b. The amounts payable to Plaintiffs and to Plaintiffs' Counsel shall be as set forth in the Rider attached to this Settlement Agreement, which is incorporated by reference into this Settlement Agreement.

c. All payments contemplated hereunder shall be issued to "Stein & Nieporent, as Attorneys for Plaintiffs." Plaintiffs' counsel shall be responsible for disbursing this money according to the terms of this Settlement Agreement, upon receipt of the Settlement Sum from the Fitzcon Defendants.

d. Payments due under this Settlement Agreement shall be made in thirty-two (32) equal monthly installments of $4,090.91, and a final installment of $4,090.88, for a total of thirty-three (33) installments. The first installment shall be made so that it is **received** within seven (7) business days of the Court's approval of this Settlement Agreement ("Approval Date). The remaining thirty-two (32) installments shall be made so that they are **received** by the first day of each month subsequent to the Approval Date, but which in no event shall be sooner than thirty (30) days after the Approval Date.

e. The payments specified above shall be delivered to Stein & Nieporent at the address specified in Paragraph 13, or they shall be wired to the Samuel & Stein attorney trust account.

f. All monies due and payable under this Settlement Agreement shall be paid in the form of guaranteed, certified funds (e.g., certified check, cashier's check, or money order), wire transfer, or attorney trust account check. If any payment issued by the Fitzcon Defendants pursuant to this Paragraph is nevertheless returned as uncollectable or because of insufficient funds, the Fitzcon Defendants shall reimburse Plaintiffs and/or Plaintiffs' counsel for any bank fees incurred as a result of the returned check(s).

g. Except as provided otherwise herein, each Party shall bear that Party's own costs and fees.

h. Prior to delivery of any installments of the Settlement Sum, Plaintiffs, through their attorneys, shall deliver to the Fitzcon Defendants' attorney, one (1) completed IRS Form W-9s executed by Plaintiffs' Counsel, as well as Form W-9s for each Plaintiff, together with each and every Plaintiffs' execution of this

Settlement Agreement or as this Settlement Agreement may be modified and so-ordered by the Court. Plaintiffs acknowledge and understand that under no circumstances will the Settlement Sum installments be made, in whole or in part, until the executed Form W-9s have been delivered to the Fitzcon Defendants' counsel.

i. Plaintiffs each covenant and agree that they are solely responsible for all tax obligations arising out of the payments contemplated herein as paid to them, and each agrees that he/she/it will report and pay whatever taxes may be due by, if any, or as a result of the Fitzcon Defendants' payment of their attorneys' fees. Plaintiffs each hereby agree to indemnify, defend and hold harmless the Fitzcon Defendants against any claims or liability of any nature whatsoever relating thereto, including, without limitation, all taxes, interest, fines, penalties or other liabilities to the Internal Revenue Service and/or any other taxing authority or other governmental agency (whether federal, state or local), that may be made in connection with such claim, and any attorneys' fees, costs, disbursements, interest and the like incurred solely in defense of such claim. Plaintiffs further acknowledge and agree that the Fitzcon Defendants' and their counsel have not provided Plaintiffs with any advice regarding the tax treatment, obligations and consequences, if any, of any of the payments tendered in connection with this Settlement Agreement.

2. **Release.**

a. In consideration for the payments and benefits provided for in Paragraph 1 of this Settlement Agreement, Plaintiffs and their successors, assigns, heirs, executors, agents, administrators and any legal and personal representatives, and each of them hereby releases, remises, acquits and forever discharges the Fitzcon Defendants, and each of their current and former parent corporations, subsidiaries, affiliates, divisions, owners, managers, board members, supervisors, employees, directors, officers, shareholders, accountants, attorneys, insurers and insurance carriers, heirs, executors, administrators, agents, successors and assigns, whether as individuals or in their official capacity , as well as Fitzcon G.C. (the "Releasees"), from any and all claims, demands, actions, causes of action, debts, liabilities, rights, contracts, obligations, duties, damages, costs, of every kind and nature whatsoever, and by whomever asserted, whether at this time known or suspected, or unknown or unsuspected, anticipated or unanticipated, direct or indirect, fixed or contingent, which may presently exist or which may hereafter become known, relating to any claim regarding alleged or actual unpaid or improperly paid wages, including claims of (a) violations of the minimum wage or overtime provisions of the Fair Labor Standards Act; (b) violations of the minimum wage and overtime provisions of the New York Labor Law; (c) the Fitzcon Defendants' failure to pay any wages owed to Plaintiffs; (d) the "spread of hours" provisions of the New York Labor Law and applicable Wage Orders; (e) the wage notice and wage statement provisions of the New York Wage Theft

Prevention Act; and/or (f) any and all claims for violation of any written or unwritten contract, agreement, understanding, policy, benefit, retirement or pension plan, severance plan, or covenant of any kind, or failure to pay wages, bonuses, employee benefits, other compensation, attorneys' fees, damages, or any other remuneration.

b. This release shall not affect or limit: (a) any claims that may arise after the date Plaintiffs sign this Settlement Agreement; (b) Plaintiffs' right to enforce the terms of this Settlement Agreement; and/or (c) any other claims that, under controlling law, may not be released by private settlement.

c. The Parties acknowledge that by entering into this Settlement Agreement, they are agreeing to waive any and all appeals that they may have or will have with respect to this Action.

3. **Stipulation of Dismissal**

Following the execution of this Settlement Agreement by each of the Parties, the Parties agree that their counsel will present this Settlement Agreement, along with the Proposed Order of Dismissal with Prejudice (the "Order") attached hereto as Exhibit A, to the Court for review and approval. Counsel for Parties shall cooperate and take all reasonably necessary steps to arrange for the Court's approval of the Settlement Agreement. The terms of the Settlement Agreement will become effective on the date the Court provides notice to the Parties (via ECF notification or other means) of the Court's approval.

4. **Non-Admission**

The Fitzcon Defendants deny each and every allegation of wrongdoing, including, but not limited to, the allegations and statements contained in the pleadings, proceedings, documents or statements whatsoever by or on behalf of Plaintiffs against any of the Fitzcon Defendants. This Settlement Agreement does not constitute an admission that the Fitzcon Defendants have violated any law, committed any tort, breached or committed any wrongdoing whatsoever, and Plaintiffs expressly acknowledge that the Fitzcon Defendants continue to deny any wrongdoing arising out of Plaintiffs' alleged employment with them. Moreover, neither this Settlement Agreement nor anything contained in it shall be construed to be or shall be admissible in any proceeding as evidence of any admission by the Fitzcon Defendants of any violation of any policies or procedures or of any federal, state or local statute, regulation or ordinance. This Settlement Agreement may be introduced, however, in any proceeding to enforce the Settlement Agreement.

5. **Applicable Law; Forum Selection**

This Settlement Agreement shall be governed by, and construed in accordance with, the laws of the State of New York without reference to its conflicts of laws principles, except to the extent that the law of the United States governs any matter set forth

herein, in which case such federal law shall govern. The Parties consent to the sole jurisdiction of the United States District Court for the Southern District of New York for any litigation arising out of the terms of this Settlement Agreement or the Parties' performance thereunder; in the event that this Court lacks or declines jurisdiction over any such litigation, the Parties consent to the sole jurisdiction of the courts of the state of New York having jurisdiction over New York County.

6. **Execution in Counterparts; Facsimile signatures; Force and effect**

This Settlement Agreement may be executed using facsimile signatures, and in counterparts, with the same effect as if the signatures were original and made on the same instrument. A copy of a Party's signature on this Settlement Agreement shall be acceptable in any action against that Party to enforce this Settlement Agreement. Facsimile or electronic copies of this Settlement Agreement shall be deemed for all purposes to have the same force and effect as the original hereof.

7. **Non-Disparagement; Neutral Reference**

   a. Plaintiffs agree not to make any false statement about the Fitzcon Defendants or any of the Releasees that is derogatory, disparaging, or defamatory, whether by electronic, written or oral means, to any person (including, but not limited to, the press or other media, or on social media websites), and Plaintiffs may make truthful statements about their experience litigating this case.

   b. The Fitzcon Defendants agree not to make any false statement about Plaintiffs that is derogatory, disparaging, or defamatory, whether by electronic, written or oral means, to any person (including, but not limited to, the press or other media, or on social media websites), and the Fitzcon Defendants may make truthful statements about their experience litigating this case.

   c. Should the Fitzcon Defendants or their agents, successors or assigns, be contacted regarding an employment reference for any Plaintiff, the Fitzcon Defendants shall provide a neutral statement advising that Plaintiffs were never employed by them.

8. **Breach; Cure; Enforcement; Security**

   a. In the event of a breach of any provision of this Settlement Agreement other than for non-payment, the non-breaching Party shall provide written notice to the breaching Party as provided for in Paragraph 13, and the alleged breaching Party shall have five (5) business days from receipt of the written notice to cure the aforementioned breach (the "cure period"). In the event a material breach of this Settlement Agreement other than for non-payment still exists after the cure period has expired, the non-breaching Party shall be entitled to seek reasonable costs, attorney's fees, and disbursements required in order to enforce this Settlement Agreement, in addition to any other relief a court deems just and proper.

b. Failure to make scheduled installment payments within ten (10) business days from receipt of written notice to cure (the "non-payment cure period") shall constitute a material breach and shall cause all remaining portions of the Settlement Sum owed by the Fitzcon Defendants to Plaintiffs and Plaintiffs' Counsel under this Settlement Agreement to become immediately due and payable, and shall entitle Plaintiffs to apply for a default judgment before the United States District Court for the Southern District of New York – or any other court of competent jurisdiction – against any and all Fitzcon Defendants without further notice for $270,000, less any and all payments made against the Settlement Sum, along with reasonable attorneys' fees incurred in entering and enforcing the judgment, and statutory interest and costs, to be secured by a confession of judgment as specified in Paragraph 9(c). This amount is not a penalty, but reflects the actual and statutory damages and costs Plaintiffs believe they could recover at trial.

c. The Fitzcon Defendants agree to execute an affidavit of judgment by confession in conformance with C.P.L.R. § 3218(a), a copy of which is attached as Exhibit B. The affidavit shall be held by Plaintiffs' counsel in escrow and may only be released back to the Fitzcon Defendants upon written confirmation that the entire Settlement Sum has been paid. Plaintiffs are authorized to file the confession of judgment should the Fitzcon Defendants fail to timely cure a payment default within the non-payment cure period. Plaintiffs agree that once all payments set forth in Paragraph 1 of this Settlement Agreement have been tendered, Plaintiffs will destroy the executed affidavit of judgment by confessions and all copies thereof and provide immediate written notice of same to the Fitzcon Defendants, and same shall be deemed null, void and invalidated.

d. Except for purposes of obtaining funding for the settlement payments in this Action, Defendants Ronan Fitzpatrick and Cornelius O'Sullivan shall not, without the consent of Plaintiffs, which shall not be unreasonably withheld, sell, gift, transfer, further encumber or otherwise convey or cause to be conveyed in any fashion the real properties located at ______________________ and ______________________ (the "Properties") before the full amount of the Settlement Sum due under this Settlement Agreement has been paid to Plaintiffs. Excluded from such required consent from Plaintiffs are efforts by Defendants Fitzpatrick and/or O'Sullivan, if any, to refinance or otherwise restructure the mortgage(s) on the Properties. As soon as the Fitzcon Defendants have fully satisfied their payment obligations pursuant to this Settlement Agreement, this provision shall immediately become null and void and shall cease to have any force or effect whatsoever.

e. Except as otherwise provided herein, the prevailing party in any litigation arising out of the terms of this Settlement Agreement or the Parties' performance thereunder shall be entitled to reasonable attorneys' fees,

disbursements, and costs, in addition to any other relief a Court deems just and proper.

9. **<u>Entire Agreement</u>**

The Parties acknowledge and agree that this Settlement Agreement reflects the entire agreement between the Parties and fully supersedes any and all prior or contemporaneous agreements and understandings between the Parties. There is no other agreement except as stated herein. No other promises or agreements shall be binding or shall modify this Settlement Agreement unless signed by Plaintiffs and an authorized representative of the Fitzcon Defendants, specifically referring to this Settlement Agreement and the modification or amending of it. Plaintiffs acknowledge that the Fitzcon Defendants have made no promises to them other than those contained in this Settlement Agreement.

10. **<u>Non-Waiver</u>**

No delay or omission by any Party in exercising any rights under this Settlement Agreement shall operate as a waiver of that or any other right. A waiver or consent given by a Party on one occasion shall be effective only in that instance and shall not be construed as a bar or waiver of any right on any other occasion. No provision of this Settlement Agreement may be waived except by a written instrument signed by the Party waiving compliance.

11. **<u>Interpretation</u>**

a. <u>Construal.</u> Each of the Parties has participated in negotiating and drafting this Settlement Agreement after consulting with, and/or having had the opportunity to consult with, legal counsel. Accordingly, no Party shall maintain that the language of this Settlement Agreement shall be construed in any way by reason of another Party's putative role in drafting any of these documents. Ambiguities shall not be construed against any Party based on any claim about the identity of the drafter of the language.

b. <u>Severability</u>. In the event that any provision of this Settlement Agreement is held by any court of competent jurisdiction to be illegal or invalid, the validity of the remaining provisions shall not be affected; and, the illegal or invalid provisions shall be reformed to the extent possible to be consistent with the other terms of this Settlement Agreement; and, if such provisions cannot be so reformed, they shall not be deemed to be a part of this Settlement Agreement. It is the intention of the Parties that if any term or provision of this Settlement Agreement is capable of two constructions, one of which would render the term or provision void and the other of which would render the term or provision valid, then the term or provision shall have the meaning that renders it valid.

c. Section Headings. Section headings are used herein for reference only and do not affect the meaning of any provision of this Settlement Agreement.

d. Recitals. The recitals set forth above are incorporated herein by reference, are part of the contractual undertaking of the Parties, and shall not be regarded as surplusage.

12. **Representations and Warranties**

a. Each of the undersigned warrants that he or she is legally competent and duly authorized by the respective Parties to execute this Settlement Agreement on behalf of such Party.

b. Each Party hereby warrants, represents, covenants and acknowledges that he/she/it has been represented by independent legal counsel in connection with the review, negotiation, and execution of this Settlement Agreement. Each Party acknowledges that he/she/it has voluntarily, and upon the advice and approval of his/her/its legal counsel in this matter, read and understood this Settlement Agreement in a language of his/her choosing and all of its terms and conditions and agrees to each and every term and condition herein.

c. Plaintiffs represent that, other than the Action, Plaintiffs have not commenced or asserted any lawsuit, administrative charge or complaint, arbitration, claim or other legal proceeding against any or all of the Releasees in any forum, judicial, quasi-judicial or administrative, that is designed to remedy or seek redress for any right or rights waived and/or released by this Settlement Agreement.

**13. Notices**

Any provision of this Settlement Agreement that calls for notice to be sent to Plaintiffs or the Fitzcon Defendants shall be sent via email, messenger, overnight mail, or first-class mail, and shall be directed as follows, or to any other address designated in writing by the relevant party or parties:

Plaintiffs:
David Stein, Esq.
Stein & Nieporent LLP
1441 Broadway, Suite 6090
New York, NY 10018
dstein@steinllp.com

Fitzcon Defendants:
Jason R. Finkelstein, Esq.
Cole Schotz P.C.
25 Main Street
Hackensack, NJ 07601
jfinkelstein@coleschotz.com

All notices, requests, consents and other communications hereunder shall be deemed to have been received either (i) if by hand, at the time of the delivery thereof to the receiving Party at the address of such Party's counsel set forth above, (ii) if made by email, at the time that receipt thereof has been acknowledged by electronic confirmation or otherwise, (iii) if sent by overnight courier, on the next business day

following the day such notice is delivered to the courier service, or (iv) if sent by first class, registered or certified mail, on the 5th business day following the day such mailing is made. No other methods of delivery are valid other than those expressly set forth above.

(REST OF PAGE INTENTIONALLY LEFT BLANK;
SIGNATURE PAGE IMMEDIATELY FOLLOWS)

**14. Signatures**

**THE PARTIES ACKNOWLEDGE THAT THEY HAVE CAREFULLY READ THIS SETTLEMENT AGREEMENT, UNDERSTAND IT, AND ARE VOLUNTARILY ENTERING INTO IT OF THEIR OWN FREE WILL, WITHOUT DURESS OR COERCION, AFTER DUE CONSIDERATION OF ITS TERMS AND CONDITIONS.**

______________________
**Freddy Chuchuca**
**Date:**______________

______________________
**Luis Dario Guartan**
**Date:**______________

______________________
**Adrian Guzman**
**Date:**______________

______________________
**Herlindo Soriano de la Rosa**
**Date:**______________

______________________
**Porfiro Rosas**
**Date:** 03-8-23

______________________
**Jorge Curillo**
**Date:**______________

______________________
**Juan Lituma**
**Date:**______________

______________________
**Boliva Bermejo**
**Date:**______________

______________________
**Alfredo Varela**
**Date:**______________

______________________
**Mario Lopez Vazquez**
**Date:**______________

______________________
**Ivan Bonilla**
**Date:**______________

______________________
**Byron Espinoza**
**Date:**______________

**Signatures**

**THE PARTIES ACKNOWLEDGE THAT THEY HAVE CAREFULLY READ THIS SETTLEMENT AGREEMENT, UNDERSTAND IT, AND ARE VOLUNTARILY ENTERING INTO IT OF THEIR OWN FREE WILL, WITHOUT DURESS OR COERCION, AFTER DUE CONSIDERATION OF ITS TERMS AND CONDITIONS.**

______________________
**Freddy Chuchuca**
**Date:**______________________

______________________
**Luis Dario Guartan**
**Date:**______________________

Adrian Guzman
**Adrian Guzman**
**Date:** 07-03-2023

______________________
**Herlindo Soriano de la Rosa**
**Date:**______________________

______________________
**Porfiro Rosas**
**Date:**______________________

______________________
**Jorge Curillo**
**Date:**______________________

______________________
**Juan Lituma**
**Date:**______________________

______________________
**Boliva Bermejo**
**Date:**______________________

______________________
**Alfredo Varela**
**Date:**______________________

______________________
**Mario Lopez Vazquez**
**Date:**______________________

______________________
**Ivan Bonilla**
**Date:**______________________

______________________
**Byron Espinoza**
**Date:**______________________

14. **Signatures**

**THE PARTIES ACKNOWLEDGE THAT THEY HA CAREFULLY READ THIS SETTLEME AGREEMENT, UNDERSTAND IT, AND A VOLUNTARILY ENTERING INTO IT OF THEIR OV FREE WILL, WITHOUT DURESS OR COERCIC AFTER DUE CONSIDERATION OF ITS TERMS A CONDITIONS.**

**Freddy Chuchuca**
**Date:**

**Luis Dario Guartan**
**Date:**

**Adrian Guzman**
**Date:**

**Hernando Soriano de la Rosa**
**Date:**

**Porfiro Rosas**
**Date:**

**Jorge Curillo**
**Date:**

**Juan Lituma**
**Date:**

**Boliva Bermejo**
**Date:**

**Alfredo Varela**
**Date:**

**Mario Lopez Vazquez**
**Date:**

**Ivan Bonilla**
**Date:**

**Byron Espinoza**
**Date:**

**Fitzcon Construction/Ren Corp.**

**By:**
**Date:**

**Ronan Fitzpatrick**
**Date:**

**Cornelius O'Sullivan**
**Date:**

**RIDER TO SETTLEMENT AGREEMENT**

14. **Signatures**

**THE PARTIES ACKNOWLEDGE THAT THEY HAVE CAREFULLY READ THIS SETTLEMENT AGREEMENT, UNDERSTAND IT, AND ARE VOLUNTARILY ENTERING INTO IT OF THEIR OWN FREE WILL, WITHOUT DURESS OR COERCION, AFTER DUE CONSIDERATION OF ITS TERMS AND CONDITIONS.**

**Freddy Chuchuca**
**Date:**

**Luis Dario Guartan**
**Date:**

**Adrian Guzman**
**Date:**

**Herlindo Soriano de la Rosa**
**Date:**

**Porfiro Rosas**
**Date:**

**Jorge Carillo**
**Date:**

**Juan Lituma**
**Date:**

**Bolivar Bermejo**
**Date:**

**Alfredo Varela**
**Date:**

**Mario Lopez Vazquez**
**Date:** 08-02-23

**Ivan Bonilla**
**Date:**

**Byron Espinoza**
**Date:**

**Fitzcon Construction/Ren Corp.**

**By:**
**Date:**

**Ronan Fitzpatrick**
**Date:**

**Cornelius O'Sullivan**
**Date:**

**RIDER TO SETTLEMENT AGREEMENT**

Compensation to plaintiffs and plaintiffs' counsel shall be broken down as follows:

| Payee | Total | 32 Equal Installments | Final payment |
|---|---|---|---|
| Freddy Chuchuca | [redacted] | | |

**Signatures**

**THE PARTIES ACKNOWLEDGE THAT THEY HAVE CAREFULLY READ THIS SETTLEMENT AGREEMENT, UNDERSTAND IT, AND ARE VOLUNTARILY ENTERING INTO IT OF THEIR OWN FREE WILL, WITHOUT DURESS OR COERCION, AFTER DUE CONSIDERATION OF ITS TERMS AND CONDITIONS.**

| | |
|---|---|
| **Freddy Chuchuca**<br>**Date:** 7/31/23 | **Luis Dario Guartan**<br>**Date:**______ |
| **Adrian Guzman**<br>**Date:**______ | **Herlindo Soriano de la Rosa**<br>**Date:**______ |
| **Porfiro Rosas**<br>**Date:**______ | **Jorge Curillo**<br>**Date:**______ |
| **Juan Lituma**<br>**Date:**______ | **Boliva Bermejo**<br>**Date:**______ |
| **Alfredo Varela**<br>**Date:**______ | **Mario Lopez Vazquez**<br>**Date:**______ |
| **Ivan Bonilla**<br>**Date:**______ | **Byron Espinoza**<br>**Date:**______ |

11:28 5G
< Atrás Settlement Agreement - Fitz...

SIGNATURE PAGE IMMEDIATELY FOLLOWS)

14. **Signatures**

**THE PARTIES ACKNOWLEDGE THAT THEY HAVE CAREFULLY READ THIS SETTLEMENT AGREEMENT, UNDERSTAND IT, AND ARE VOLUNTARILY ENTERING INTO IT OF THEIR OWN FREE WILL, WITHOUT DURESS OR COERCION, AFTER DUE CONSIDERATION OF ITS TERMS AND CONDITIONS.**

**Freddy Chuchuca**
**Date:**

**Luis Dario Guartan**
**Date:**

**Adrian Guzman**
**Date:**

**Herlindo Soriano de la Rosa**
**Date:**

**Porfiro Rosas**
**Date:**

**Jorge Carillo**
**Date:**

**Juan Lituma**
**Date:**

**Boliva Bermejo**
**Date:**

**Alfredo Varela**
**Date:**

**Mario Lopez Vazquez**
**Date:**

**Ivan Bonilla**
**Date:**

**Byron Espinoza**
**Date:**

**Fitzcon Construction/Ren Corp.**

**By:**
**Date:**

**Ronan Fitzpatrick**
**Date:**

**Cornelius O'Sullivan**
**Date:**

## RIDER TO SETTLEMENT AGREEMENT

Compensation to plaintiffs and plaintiffs' counsel shall be broken down as follows:

| Payee | Total | 32 Equal [redacted] | Final [redacted] |
|---|---|---|---|
| [illegible] | [illegible] | [illegible] | [illegible] |

Signatures

THE PARTIES ACKNOWLEDGE THAT THEY HAVE CAREFULLY READ THIS SETTLEMENT AGREEMENT, UNDERSTAND IT, AND ARE VOLUNTARILY ENTERING INTO IT OF THEIR OWN FREE WILL, WITHOUT DURESS OR COERCION, AFTER DUE CONSIDERATION OF ITS TERMS AND CONDITIONS.

Freddy Churhura
Date:

Luis Dario Guartan
Date: 7/30/23

Adrian Guamar
Date:

Herlindo Soriano de la Rosa
Date:

Porfirio Rosas
Date:

Jorge Carillo
Date:

Juan Litiima
Date:

Boliva Bermejo
Date:

Alfredo Varela
Date:

Mario Lopez Vazquez
Date:

Ivan Bonilla
Date:

Byron Espinoza
Date:

**Freddy Chuchuca**
**Date:**

**Luis Dario Guartan**
**Date:**

**Adrian Guzman**
**Date:**

**Herlindo Soriano de la Rosa**
**Date:**

**Porfiro Rosas**
**Date:**

**Jorge Curillo**
**Date:**

**Juan Lituma**
**Date:**

**Boliva Bermejo**
**Date:**

**Alfredo Varela**
**Date:**

**Mario Lopez Vazquez**
**Date:**

**Ivan Bonilla**
**Date:**

**Byron Espinoza**
**Date:**

**Fitzcon Construction/Ren Corp.**

**By:**
**Date:**

**Ronan Fitzpatrick**
**Date:**

**Cornelius O'Sullivan**
**Date:**

## RIDER TO SETTLEMENT AGREEMENT

**14.** Signatures

**THE PARTIES ACKNOWLEDGE THAT THEY HAVE CAREFULLY READ THIS SETTLEMENT AGREEMENT, UNDERSTAND IT, AND ARE VOLUNTARILY ENTERING INTO IT OF THEIR OWN FREE WILL, WITHOUT DURESS OR COERCION, AFTER DUE CONSIDERATION OF ITS TERMS AND CONDITIONS.**

__________________
**Freddy Chuchuca**
**Date:**________________

__________________
**Luis Dario Guartan**
**Date:**________________

__________________
**Adrian Guzman**
**Date:**________________

__________________
**Herlindo Soriano de la Rosa**
**Date:**________________

__________________
**Porfiro Rosas**
**Date:**________________

Jorge Curillo
__________________
**Jorge Curillo**
**Date:** 07-30-2023

__________________
**Juan Lituma**
**Date:**________________

__________________
**Boliva Bermejo**
**Date:**________________

__________________
**Alfredo Varela**
**Date:**________________

__________________
**Mario Lopez Vazquez**
**Date:**________________

__________________
**Ivan Bonilla**
**Date:**________________

__________________
**Byron Espinoza**
**Date:**________________

14. **Signatures**

**THE PARTIES ACKNOWLEDGE THAT THEY HAVE CAREFULLY READ THIS SETTLEMENT AGREEMENT, UNDERSTAND IT, AND ARE VOLUNTARILY ENTERING INTO IT OF THEIR OWN FREE WILL, WITHOUT DURESS OR COERCION, AFTER DUE CONSIDERATION OF ITS TERMS AND CONDITIONS.**

______________________
**Freddy Chuchuca**
**Date:**______________________

______________________
**Luis Dario Guartan**
**Date:**______________________

______________________
**Adrian Guzman**
**Date:**______________________

______________________
**Herlindo Soriano de la Rosa**
**Date:**______________________

______________________
**Porfiro Rosas**
**Date:**______________________

______________________
**Jorge Curillo**
**Date:**______________________

______________________
**Juan Lituma**
**Date:**______________________

______________________
**Boliva Bermejo**
**Date:**______________________

______________________
**Alfredo Varela**
**Date:**______________________

______________________
**Mario Lopez Vazquez**
**Date:**______________________

IVAN
______________________
**Ivan Bonilla**
**Date:** 08/07/2023

______________________
**Byron Espinoza**
**Date:**______________________

14. **Signatures**

**THE PARTIES ACKNOWLEDGE THAT THEY HAVE CAREFULLY READ THIS SETTLEMENT AGREEMENT, UNDERSTAND IT, AND ARE VOLUNTARILY ENTERING INTO IT OF THEIR OWN FREE WILL, WITHOUT DURESS OR COERCION, AFTER DUE CONSIDERATION OF ITS TERMS AND CONDITIONS.**

| | |
|---|---|
| ______________________<br>**Freddy Chuchuca**<br>**Date:**___________________ | ______________________<br>**Luis Dario Guartan**<br>**Date:**___________________ |
| ______________________<br>**Adrian Guzman**<br>**Date:**___________________ | ______________________<br>**Herlindo Soriano de la Rosa**<br>**Date:**___________________ |
| ______________________<br>**Porfiro Rosas**<br>**Date:**___________________ | ______________________<br>**Jorge Curillo**<br>**Date:**___________________ |
| ______________________<br>**Juan Lituma**<br>**Date:**___________________ | ______________________<br>**Boliva Bermejo**<br>**Date:**___________________ |
| ______________________<br>**Alfredo Varela**<br>**Date:**___________________ | ______________________<br>**Mario Lopez Vazquez**<br>**Date:**___________________ |
| ______________________<br>**Ivan Bonilla**<br>**Date:**___________________ | ______________________<br>**Byron Espinoza**<br>**Date:**___________________ |

right or rights waived and/or released by this Settlement Agreement.

13. **Notices**

Any provision of this Settlement Agreement that calls for notice to be sent to Plaintiffs or the Fitzcon Defendants shall be sent via email, messenger, overnight mail, or first-class mail, and shall be directed as follows, or to any other address designated in writing by the relevant party or parties:

| Plaintiffs: | Fitzcon Defendants: |
|---|---|
| David Stein, Esq. | Jason R. Finkelstein, Esq. |
| Stein & Nieporent LLP | Cole Schotz P.C. |
| 1441 Broadway, Suite 6090 | 25 Main Street |
| New York, NY 10018 | Hackensack, NJ 07601 |
| dstein@steinllp.com | jfinkelstein@coleschotz.com |

All notices, requests, consents and other communications hereunder shall be deemed to have been received either (i) if by hand, at the time of the delivery thereof to the receiving Party at the address of such Party's counsel set forth above, (ii) if made by email, at the time that receipt thereof has been acknowledged by electronic confirmation or otherwise, (iii) if sent by overnight courier, on the next business day following the day such notice is delivered to the courier service, or (iv) if sent by first class, registered or certified mail, on the 5th business day following the day such mailing is made. No other methods of delivery are valid other than those expressly set forth above.

(REST OF PAGE INTENTIONALLY LEFT BLANK;
SIGNATURE PAGE IMMEDIATELY FOLLOWS)

14. □ **Signatures**

**THE PARTIES ACKNOWLEDGE THAT THEY HAVE CAREFULLY READ THIS SETTLEMENT AGREEMENT, UNDERSTAND IT, AND ARE VOLUNTARILY ENTERING INTO IT OF THEIR OWN FREE WILL, WITHOUT DURESS OR COERCION, AFTER DUE CONSIDERATION OF ITS TERMS AND CONDITIONS.**

**Freddy Chuchuca**
**Date:**

**Luis Dario Guartan**
**Date:**

**Adrian Guzman**
**Date:**

**Herlindo Soriano de la Rosa**
**Date:**

**Porfiro Rosas**
**Date:**

**Jorge Curillo**
**Date:**

**Juan Lituma**
**Date:**

**Boliva Bermejo**
**Date:**

Alfredo Varela P
**Alfredo Varela**
**Date:** 8-30-23

**Mario Lopez Vazquez**
**Date:**

**Fitzcon Construction/Ren Corp.**

______________________
**By:**
**Date:**______________________

______________________
**Ronan Fitzpatrick**
**Date:** 8-7-23

______________________
**Cornelius O'Sullivan**
**Date:**______________________

**Fitzcon Construction/Ren Corp.**

______________________
**By:**
**Date:**______________

______________________
**Ronan Fitzpatrick**
**Date:**______________

______________________
**Cornelius O'Sullivan**
**Date:** 8/7/23

**RIDER TO SETTLEMENT AGREEMENT**

Compensation to plaintiffs and plaintiffs' counsel shall be broken down as follows:

| Payee | Total | 32 Equal Installments | Final payment |
|---|---|---|---|
| Freddy Chuchuca | $9,547.85 | $289.33 | $289.29 |
| Luis Dario Guartan | $9,206.86 | $279.00 | $278.86 |
| Adrian Guzman | $7,842.88 | $237.66 | $237.76 |
| Herlindo Soriano de la Rosa | $3,239.44 | $98.17 | $98.00 |
| Porfirio Rosas | $2,301.71 | $69.75 | $69.71 |
| Jorge Curillo | $6,649.40 | $201.50 | $201.40 |
| Juan Lituma | $4,432.93 | $134.33 | $134.37 |
| Boliva Bermejo | $20,971.17 | $635.49 | $635.49 |
| Alfredo Varela | $2,011.87 | $60.97 | $60.83 |
| Mario Lopez Vazquez | $8,013.37 | $242.83 | $242.81 |
| Ivan Bonilla | $8,524.87 | $258.33 | $258.31 |
| Byron Espinoza | $5,455.91 | $165.33 | $165.35 |
| Samuel & Stein | $46,801.74 | $1,418.22 | $1,418.70 |

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Freddy Chuchuca, Luis Dario Guartan, Adrian Guzman, and Herlindo Soriano de la Rosa, on behalf of themselves and all other persons similarly situated,<br><br>Plaintiffs,<br><br>- vs. -<br><br>Fitzcon Construction/Ren Corp., Esco Hirf Co. Inc., Pub Construction/Ren Inc. d/b/a Pub Construction, Ronan Fitzpatrick, Cornelius O'Sullivan, and John Does #1-10,<br><br>Defendants. | DOCKET NO. 20-CV-2178 (RA) (JLC) |

**STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE**

IT IS HEREBY STIPULATED AND AGREED, by and between counsel for Plaintiffs Freddy Chuchuca, Luis Dario Guartan, Adrian Guzman, Herlindo Soriano de la Rosa, Porfirio Rosas, Jorge Curillo, Juan Lituma, Boliva Bermejo, Alfredo Varela, Mario Lopez Vazquez, Ivan Bonilla, and Byron Espinoza ("Plaintiffs"), and Defendants Fitzcon Construction/Ren Corp., Ronan Fitzpatrick, and Cornelius O'Sullivan ("Defendants"), that all of Plaintiffs' claims in the Complaint in the above-captioned action are dismissed, with prejudice, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. The Parties further agree that the Court will retain jurisdiction of this matter for the sole purpose of enforcing the Settlement Agreement. Each Party shall bear his/its own costs and attorneys' fees.

Dated: June __, 2023

**SAMUEL & STEIN**

By: ____________________
David Stein

1441 Broadway, Suite 6085
New York, NY 10018
(212) 563-9884
Attorneys for Plaintiffs

**COLE SCHOTZ P.C.**

By: ____________________
Jason R. Finkelstein

25 Main Street
Hackensack, NJ 07601
(201) 525-6293
Attorneys for Defendants

SO ORDERED:

____________________
Hon. James L. Cott, U.S.M.J.

**EXHIBIT B**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Freddy Chuchuca, Luis Dario Guartan, Adrian Guzman, and Herlindo Soriano de la Rosa, on behalf of themselves and all other persons similarly situated,<br><br>Plaintiffs,<br><br>- vs. –<br><br>Fitzcon Construction/Ren Corp., Esco Hirf Co. Inc., Pub Construction/Ren Inc. d/b/a Pub Construction, Ronan Fitzpatrick, Cornelius O'Sullivan, and John Does #1-10,<br><br>Defendants. | DOCKET NO. 20-CV-2178 (RA) (JLC)<br><br>**AFFIDAVIT OF CONFESSION OF JUDGMENT** |

State of New York )
) ss:
County of ________ )

Ronan Fitzpatrick and Cornelius O'Sullivan, personally and as officers of Defendant Fitzcon Construction/Ren Corp., being duly sworn, depose and state as follows:

1. We represent that we are officers and shareholders of Defendant Fitzcon Construction/Ren Corp. and that we have full authority to sign on behalf of Fitzcon Construction/Ren Corp. and to legally bind it. We sign this Affidavit of Confession of Judgment both in our individual and corporate capacities, and we are referred to herein as Defendants.

2. Fitzcon Construction/Ren Corp. and we are registered with the New York Secretary of State with an address at 110 West 40th Street, Suite 503, New York, NY.

3. This Confession of Judgment is for a debt justly due and owing to Plaintiffs and/or their attorneys for the settlement of the matter in the United States District Court, Southern District of New York (Docket No.: 20-cv-2178), entitled *Freddy Chuchuca, et al. v. Fitzcon Construction/Ren Corp., et al*.

4. Defendants jointly and severally hereby confess judgment in favor of Plaintiffs and/or their attorneys and authorize entry thereof in the amount of $270,000, plus reasonable attorneys' fees incurred in entering and enforcing the judgment, and statutory interest and costs, less any monies paid by Defendants pursuant to the Settlement Agreement attached hereto as Exhibit A.

5. Plaintiffs and/or their attorneys shall have the right to enter judgment against the undersigned, jointly and severally, if we are in default of any payment obligations that are not timely cured pursuant to the Settlement Agreement.

6. This confession of judgment may be filed in the United States District Court for the Southern District of New York or the courts of the state of New York having jurisdiction over New York County, New York.

7. This Affidavit may be executed using facsimile signatures with the same effect as if the signatures were original. A copy of our signatures on this Affidavit shall be acceptable in any action against us or against Fitzcon Construction/Ren Corp. to enter a judgment based on this Affidavit of Confession of Judgment.

Fitzcon Construction/Ren Corp.
By:

DIANNE ROJAS
Notary Public - State of New York
No. 01RO6127547
Qualified in Westchester County
My Commission Expires May 23, 2025

Sworn to before me this
1 th day of ~~July~~, 2023 August

Ronan Fitzpatrick, an individual

DIANNE ROJAS
Notary Public - State of New York
No. 01RO6127547
Qualified in Westchester County
My Commission Expires May 23, 2025

Sworn to before me this
11th day of ~~July~~, 2023 August

Cornelius O'Sullivan, an individual

Sworn to before me this
7th day of July, 2023

5. Plaintiffs and/or their attorneys shall have the right to enter judgment against the undersigned, jointly and severally, if we are in default of any payment obligations that are not timely cured pursuant to the Settlement Agreement.

6. This confession of judgment may be filed in the United States District Court for the Southern District of New York or the courts of the state of New York having jurisdiction over New York County, New York.

7. This Affidavit may be executed using facsimile signatures with the same effect as if the signatures were original. A copy of our signatures on this Affidavit shall be acceptable in any action against us or against Fitzcon Construction/Ren Corp. to enter a judgment based on this Affidavit of Confession of Judgment.

Fitzcon Construction/Ren Corp.
By:

Sworn to before me this
__ th day of July, 2023

Ronan Fitzpatrick, an individual

Sworn to before me this
__ th day of July, 2023

Cornelius O'Sullivan, an individual

Sworn to before me this
7 th day of July, 2023

JOHN G ACCARDO
Notary Public - State of New York
NO. 01AC0005442
Qualified in Niagara County
My Commission Expires Apr 11, 2027