```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
FREDDY CHUCHUCA, et al.,                      :
                                              :
                    Plaintiffs,               :
                                              :
        -v-                                   :
                                              :
                                              :
FITZCON CONSTRUCTION G.C., INC.,              :
et al.,                                       :
                                              :
                    Defendants.               :
------------------------------------------------------------X
```

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  09/15/2023
```

**ORDER**

20-CV-2178 (JLC)

**JAMES L. COTT, United States Magistrate Judge.**

The parties in this wage-and-hour case have consented to my jurisdiction under 28 U.S.C. § 636(c) for purposes of reviewing their proposed settlement (Dkt. No. 123) and have now submitted a joint letter in support of settlement (Dkt. No. 120) along with their proposed agreement (Dkt. No. 120-1) for my approval under *Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015).  In this case, plaintiffs alleged, *inter alia*, violations of the overtime provisions of the Fair Labor Standards Act ("FLSA") and several violations of New York Labor Law.

Courts generally recognize a "strong presumption in favor of finding a settlement fair" in cases like this one brought under the FLSA, as they are "not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Souza v. 65 St. Marks Bistro*, No. 15-CV-327 (JLC), 2015 WL 7271747, at *4 (S.D.N.Y. Nov. 6, 2015) (citation omitted).  Moreover, given Defendants' apparent financial situation (requiring a lengthy payment schedule as part of the

settlement) and Plaintiffs' expressed concerns about collectability, the "potential difficulty in collecting damages militates in favor of finding a settlement reasonable." *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013). *See also Hart v. RCI Hosp. Holdings, Inc.*, No. 09-CV-3043 (PAE), 2015 WL 5577713, at *10 (S.D.N.Y. Sept. 22, 2015) (significant "risk that plaintiffs would not be able to collect, or fully collect, on a judgment" supported approval of settlement agreement, which "[g]uaranteed recovery from the other two defendants in the event that [one] prove[d] unable to pay the entire settlement amount").

Having carefully reviewed the joint letter in support of settlement as well as the proposed settlement agreement (as well as the prior version, *see* Dkt. No. 119), and having participated in several lengthy conferences that led to the settlement, the Court finds that all of the terms of the proposed settlement (including the allocation of attorney's fees and costs) appear to be fair and reasonable under the totality of the circumstances and in light of the factors enumerated in *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012), a case considered to be a touchstone in evaluating wage-and-hour settlements.[1]  Among other things, the

---

[1] Although there is not a proportionality requirement, attorney's fees in FLSA cases generally amount to a third of the settlement award, as is the case here. *See, e.g., Manjarrez v. Bayard's Ale House LLC*, No. 21-CV-1968 (OTW), 2022 WL 17363952, at *2 (S.D.N.Y. Dec. 1, 2022) (citing *Fisher v. SD Protection, Inc.*, 948 F.3d 593, 603 (2d Cir. 2020) (holding that the FLSA "simply provides for a reasonable attorney fee to be paid by the defendant"). *See also Singh v. MDB Construction Mgmt., Inc.*, No. 16-CV-5216 (HBP), 2018 WL 2332071, at *2 (S.D.N.Y. May 23, 2018) (noting that one-third of settlement is "normal rate"). The Court's approval of the allocation of attorney's fees, however, should not be construed as an approval of the hourly rate of plaintiffs' counsel.

agreement appears to be "the product of arm's-length bargaining between experienced counsel." *Id.* Accordingly, the settlement is hereby approved.[2]

**The Clerk is respectfully directed to close this case.**

**SO ORDERED.**

Dated: September 15, 2023
      New York, New York

_____
JAMES L. COTT
United States Magistrate Judge

---

[2] Approval of the settlement agreement should not be deemed an approval of the tax allocations to which the parties have agreed.