UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FREDDY CHUCHUCA, et. al.,

Plaintiffs,

-against-

FITZCON CONSTRUCTION G.C., INC., et al.,

Defendants.

20-CV-02178 (RFT)

**ORDER**

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

Plaintiffs set out the procedural history of this case, including developments post-settlement. (ECF 156.) One of the terms of the Settlement Agreement in this matter was that Defendants would not have to start making installment payments until all Plaintiffs supplied Form W-9s. Nine Plaintiffs did so, but three did not, and Plaintiffs' counsel has been unable to reach them. Plaintiffs requested that Defendants make payments to the nine Plaintiffs who had provided the Form W-9s, but Defendants took the position that because the Settlement Agreement had been approved by the Court, the requested modification required Court approval. I requested that the parties submit an amended Settlement Agreement for Court approval. Plaintiffs have provided the requested Amended Settlement Agreement, signed on behalf of the nine available Plaintiffs but no Defendant has signed. Defendants' counsel represents that the corporate Defendant is defunct; that he has lost contact with one of the individuals (and has withdrawn as counsel for that individual); and that the remaining Defendant declines to sign because his financial condition has deteriorated since the original Settlement Agreement was signed. Plaintiffs' counsel asks that I approve the unsigned

Amended Settlement Agreement on the theory that the remaining individual Defendant was jointly and severally liable for payment under the original Settlement Agreement and that the Amended Settlement Agreement imposes no new obligations on him. I decline to approve an agreement that has not been signed by any of the individuals or entities obligated under the agreement.

Instead, I conclude that the provision requiring delivery to Defendants of Form W-9s from all Plaintiffs is of minor importance and that it is impracticable for the provision to be met as to the three Plaintiffs with whom Plaintiffs' counsel has lost contact. Accordingly, performance under the contract by Defendants as to the nine Plaintiffs who did provide the Form W-9s is not excused. *See, e.g., Utica Mut. Ins. Co. v. Clearwater Ins. Co.*, 906 F.3d 12, 23 (2d Cir. 2018); *In re Wansdown Props. Corp. N.V.*, 620 B.R. 487, 503 (Bankr. S.D.N.Y. 2020), *on reconsideration*, 626 B.R. 165 (Bankr. S.D.N.Y. 2021); *Edelman Arts, Inc. v. Art Int'l (UK) Ltd.*, 841 F. Supp. 2d 810, 828 (S.D.N.Y. 2012); *see also* Williston on Contracts § 43:14 (4th ed.). Defendants have seven days from the date of this order to make the first of the 33 installment payments to the nine Plaintiffs who have provided Form W-9s and to their counsel.

The status conference scheduled for September 15, 2026 is cancelled.

DATED: September 14, 2026
New York, NY

SO ORDERED.

**ROBYN F. TARNOFSKY**
**United States Magistrate Judge**